**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL NO. 07-94-DLB**

**UNITED STATES OF AMERICA**                                                                         **PLAINTIFF**

**VS.**

**LESLIE SAYLOR**                                                                                                       **DEFENDANT**

**REPORT AND RECOMMENDATION**

On May 12, 2010 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, LESLIE SAYLOR, show cause why her supervised release should not be revoked. The defendant was present in Court and represented by Derek Gordon and the United States was present through Assistant United States Attorney Elaine Leonhard. The proceedings were recorded by official court reporter Lisa Wiesman and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted to Violation #1 of the April 23, 2010 supervised release violation report and the United States moved to withdraw Violation #2.

After pleading guilty to one count of Aiding and Abetting in Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2314 and 2, Saylor was sentenced on June 8, 2008 to twenty-one months incarceration followed by three years of supervised release. Defendant began her supervised release on January 14, 2010 and among the special conditions of supervised release, the Court ordered Saylor to abide by the following: participate in a substance abuse/mental health treatment program and submit to periodic drug and alcohol testing at the direction of the probation

1

officer during the term of supervision. Defendant now stands charged with the following violation:

> **Leslie Saylor allegedly violated the mandatory condition of supervision requiring her to refrain from any unlawful use of a controlled substance. Leslie Saylor submitted urine samples on March 31, 2010 and April 13, 2010 that tested positive for morphine.**

On April 8, 2010 U.S.P.O. Sebulsky confronted defendant with the positive urine screen of March 31, 2010, and Saylor admitted that she relapsed and snorted heroin four times over a two day time period near the end of March.

On April 13, 2010 a home visit was conducted wherein defendant submitted to a urine screen. Defendant initially denied using heroin but did report that on April 10 she took a quarter of a pain pill thought to be Percocet for pain which was not prescribed to her. The probation officer reminded Saylor that if she were ill and needed medication, the proper remedy was to seek medical attention; defendant was also reminded of her condition requiring that she not use illegal drugs or any medication not prescribed by a physician. Saylor then admitted to her probation officer that she used heroin.

Defendant first reported to the U.S. Probation Office in Dayton, Ohio on January 14, 2010 at which time it was determined that no formal substance abuse treatment would be required. That decision was based on her completion of the 500 hour drug treatment program through the Bureau of Prisons and her completion of an aftercare program at the Nova House, a substance abuse/mental health treatment program in Dayton while in the halfway house serving the final months of her prison sentence. However, during this initial visit defendant had an odor of alcohol about her and when confronted she denied consuming any alcohol. A urine screen collected tested positive for ethanol. When confronted by her probation officer with the positive test results on February 10, 2010, Saylor admitted to drinking one beer but denied having an alcohol problem. The probation

officer provided Saylor with information on the Alcoholics Anonymous meetings in the area and encouraged her to attend these meetings to assist with recovery. Defendant later advised that she had not attended any meetings due to transportation problems and because the meetings were in bad parts of town. On February 10 Saylor submitted a urine screen negative for illegal drugs and she submitted a total of four urine screens also negative for drugs from January 22, 2010 through March 23, 2010.

On May 11, 2010 U.S.P.O. Sebulsky submitted an amended sentencing recommendation. In the original violation report of April 23, 2010, it was recommended that Saylor be continued on supervised release with the added condition requiring her to enter and participate in an in-patient substance abuse treatment program at the direction of the probation officer. That recommendation was made because Saylor appeared to be genuinely motivated to work on her addiction; however, defendant continued to use illegal drugs as evidenced by her admission to her probation officer and additional positive urine screens. Saylor submitted a urine screen on April 22, 2010 which tested positive for morphine and for marijuana on April 29, 2010. Defendant also submitted a positive test for illegal drugs on May 10, 2010 the date of her initial appearance before this Court. Based upon this flagrant conduct, the United States now recommends incarceration to be followed by an additional term of supervised release. In light of the numerous efforts by the probation office to assist Saylor with her serious drug addiction, and her repeated failures and/or lack of effort to comply with the probation office directives, the Court concurs in the sentencing recommendation which is the low end of the guidelines. Accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have committed Violation #1 as set out above and that her supervised release be REVOKED;

2. That Violation #2 upon motion of the United States be DISMISSED;

3. That the defendant, LESLIE SAYLOR, be sentenced to the custody of the Attorney General for a period of **FOUR (4) MONTHS** to be followed by **two (2) years** of reimposed supervised release with all previously imposed conditions that remain undischarged at this time;

4. That an additional special condition be imposed requiring Saylor to enter and participate in an inpatient substance abuse treatment program at the direction of the probation officer.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 13th day of May, 2010.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge