UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 07-94-DLB

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.

LESLIE SAYLOR                                                                  DEFENDANT

REPORT AND RECOMMENDATION

On November 22, 2010 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, LESLIE SAYLOR, show cause why her supervised release should not be revoked. The defendant was present in Court and represented by Steve Howe and the United States was present through Assistant United States Attorney Laura Voorhees. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). Defendant admitted violating the terms of her supervised release as set out in the November 15, 2010 report of U.S.P.O. Leanne Vonderhaar.

After pleading guilty to Aiding and Abetting in Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2214 and 2, Saylor was sentenced on June 18, 2008 to twenty-one months imprisonment followed by three years supervised release. Defendant began her term of supervised release on January 14, 2010. On June 2, 2010 Saylor was found in violation of release conditions when she failed to refrain from unlawful use of a controlled substance. The Court revoked her supervised release and imposed four months imprisonment with two years supervised release to follow. On September 8, 2010 defendant began her two year term of supervised release but in less

1

than two months she incurred new charges.

On November 4, 2010 another violation report was filed after Saylor tested positive for non-prescribed morphine. The defendant along with counsel appeared in Court on November 8, 2010 at which time she admitted the violation and agreed to modify her release conditions to include the following special conditions: 1) participate and successfully complete four months in a half-way house; 2) abstain from the use of alcohol; 3) notify the U.S.P.O. immediately if defendant receives any prescription medications containing controlled substances; 4) strictly comply with the orders of any physician or other prescribing source with respect to use of all prescription medications. Saylor now stands charged with the following new violations:

> **VIOLATION #1: THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL AND SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY CONTROLLED SUBSTANCE OR ANY PARAPHERNALIA RELATED TO ANY CONTROLLED SUBSTANCES, EXCEPT AS PRESCRIBED BY A PHYSICIAN.**

On November 15, 2010 Leslie Saylor reported to the United States Probation Office for a random drug screen. Prior to administering the drug screen, Ms. Saylor admitted to using heroin on November 13, 2010 while attending a baby shower. She signed a written admission to reflect the same. (Grade B violation).

> **VIOLATION #2: THE DEFENDANT SHALL PARTICIPATE IN A SUBSTANCE ABUSE/MENTAL HEALTH TREATMENT PROGRAM AND SHALL SUBMIT TO PERIODIC DRUG AND ALCOHOL TESTING AT THE DIRECTION AND DISCRETION OF THE PROBATION OFFICER.**

On November 10, 2010 U.S.P.O. Vonderhaar received notice from the treatment provider that defendant failed to attend her scheduled treatment on that same date. Saylor stated that she had transportation issues and rescheduled her appointment for November 15, 2010 at 9:00 a.m. On that date U.S.P.O. Vonderhaar again received notice from the treatment provider that Saylor failed to

attend her appointment, the defendant later informing her probation officer that she had forgotten about the appointment.

With a Criminal History Category of II and coupled with a Grade B violation, the applicable guideline range is 6-12 months. The United States is following the recommendation of the probation office for ten months incarceration, but suggests that a longer sentence is warranted in light of Saylor's history since her January, 2010 release:

1. Began drinking in February, 2010 but lied about it until confronted with a urine specimen;

2. In March and April, 2010 used morphine/snorted heroin;

3. On April 22, 2010 defendant agreed to an in-patient drug treatment program;

4. Failed to follow through with appointment and to attend her intake appointment with Project Cure;

5. Defendant continued to use drugs and attempted to get a new line of credit from the Wright Patterson Credit Union in Dayton, Ohio in violation of a condition that she not open new lines of credit without approval;

6. On June 2, 2010 Court for the first time revoked her supervision, imposed four months of imprisonment in the hope that the incarceration would assist defendant in her recovery;

7. After her September 8, 2010 release she began using drugs again within one month;

8. In November, 2010 defendant requested and was given modification of release to include four months in a half-way house but admitted to using heroin at a baby shower and failing to attend her counseling sessions.

As defense counsel points out, his client needs treatment, not incarceration. But with treatment comes a responsibility to at least make an effort to live the lessons learned; regrettably, Ms. Saylor has not done so despite the patience and guidance of her probation officer. She has either found an excuse for each episode of drug use or described her use as "unintentional". Until

3

such time as she accepts responsibility for her actions, Saylor cannot wean herself from these addictions. Accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of her supervised release as set out above, and that it be REVOKED;

2. That the defendant, LESLIE SAYLOR, be sentenced to the custody of the Attorney General for a period of **TEN (10) MONTHS** with no supervised release to follow.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 29th day of November, 2010.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge